## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHARLES WEBSTER,        )
                              )
     Plaintiff,         )
                              )
v.                         )
                              )     CIVIL ACTION NO.
FORTIVA FINANCIAL, LLC,  )    1:21-CV-03466-AT-JCF
TRUIST BANK INC. f/k/a     )
SUNTRUST BANK, MOUNTAIN )
RUN SOLUTIONS, and EXPERIAN )
INFORMATION SOLUTIONS, INC., )
                              
     Defendant.

## DEFENDANT TRUIST BANK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Truist Bank, successor by merger to SunTrust Bank, improperly identified as Truist Bank Inc. f/k/a SunTrust Bank, ("Truist") hereby files its Answer and Affirmative Defenses to the Complaint filed August 24, 2021 [ECF #1] by Plaintiff Charles Webster ("Plaintiff") and states the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damage.

## THIRD DEFENSE

Plaintiff's claims for punitive damages, court costs, expert fees, and all attorney's fees are barred because Plaintiff cannot establish the conduct necessary to recover such amounts.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged injuries and/or damages were not proximately or legally caused by any act or omission of Truist.

## FIFTH DEFENSE

Plaintiff's claims are barred because all information Truist furnished to any Credit Reporting Agency ("CRA") was accurate and truthful.

## SIXTH DEFENSE

Plaintiff's claims are barred because Truist complied with all applicable laws and regulations.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's claims are based on holding Truist liable for the alleged acts or omissions of third parties for which Truist is not responsible.

## EIGHTH  DEFENSE

Truist reserves the right to assert any additional defenses.

## ANSWER

## INTRODUCTION

1.      Paragraph 1 purports to characterize the nature of this action. Truist admits that this is an action brought pursuant to the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") against the Defendants. However, Truist denies that it engaged in any wrongdoing and/or misconduct, and denies that Plaintiff is entitled to any relief from Truist.

## JURSIDICTION AND VENUE

2.      Truist admits the allegations in Paragraph 2 of the Complaint.

3.      Truist admits that venue is proper. Truist denies that it has caused any injury to Plaintiff. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 3 of the Complaint.

4.      Truist admits that this Court has personal jurisdiction over it. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 4 of the Complaint.

## PARTIES

5.      Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 constitutes a legal conclusion, and therefore does not require a response.

7.      Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 7 of the Complaint.

8.      Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      Truist admits that Truist Bank, successor by merger of SunTrust Bank and Branch Banking and Trust, exists and operates in various states, including Georgia.  Truist states that the remaining allegations in Paragraph 9 of the Complaint constitute a legal conclusion, and therefore do not require a response.

10.     Truist admits the allegations in Paragraph 10 of the Complaint.

11.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 12 of the Complaint.

13.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17.     Plaintiff denies the allegations in Paragraph 17 concerning Truist's conduct, and specifically denies that it has engaged in any wrongdoing or misconduct. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 draws a legal conclusion regarding Experian's classification under 15 U.S.C. §1681(a)(f), and therefore requires no response.

19.     Truist admits that CRAs furnish consumer credit reports to third parties and consumers. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 draws a legal conclusion regarding Experian's duties under the Fair Credit Reporting Act ("FCRA"), and therefore requires no response.

21.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 21 of the Complaint.

22.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 22 of the Complaint.

23.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 23 of the Complaint.

24.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

25.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 25 of the Complaint.

26.     Truist denies that it inaccurately reported information on Plaintiff's Experian consumer report. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 26 of the Complaint.

27.     Truist denies the allegations in Paragraph 27 of the Complaint.

28.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29.    Truist denies the allegations in Paragraph 29 as they relate to Truist. Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 29 of the Complaint relating to the other Defendants.

30.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 30 of the Complaint.

31.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 31 of the Complaint. However, to the extent Paragraph 31 can be read to imply that Truist furnished incorrect information to any credit reporting agency, Truist denies that allegation.

32.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 32 of the Complaint. However, to the extent Paragraph 32 can be read to imply that Truist furnished incorrect information to any credit reporting agency, Truist denies that allegation.

## **WRITTEN DISPUTE**

33.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 33 of the Complaint.

34.    Truist denies that it was notified of any dispute made on or about February 4, 2021.  By way of further response, Truist states that it received notice of a dispute from Experian regarding Plaintiff's automotive loan on or about

February 4, 2020. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 34 of the Complaint.

35.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 35 of the Complaint.

36.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 36 of the Complaint.

37.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 37 of the Complaint.

38.    Truist denies that it was notified of any dispute made on or about February 4, 2021.  By way of further response, Truist states that it received notice of a dispute from Equifax regarding Plaintiff's automotive loan on or about February 4, 2020.

39.    Truist denies that it was notified of any dispute made on or about February 4, 2021.  By way of further response, Truist states that it received notices of dispute from Equifax and Experian regarding Plaintiff's automotive loan on or about February 4, 2020. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Truist denies the allegations in Paragraph 40 as they relate to Truist. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 40 of the Complaint as they relate to the other Defendants.

41.    Truist denies the allegations in Paragraph 41 as to Truist's conduct, and specifically denies that it failed to conduct a reasonable investigation into any Experian and Equifax disputes. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 41 of the Complaint.

42.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42 of the Complaint.

43.    Truist specifically denies that it reported any false, erroneous, or incorrect information about Plaintiff's accounts to any CRA. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 42 of the Complaint relating to the other Defendants.

44.    Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 44 of the Complaint.

45.    Truist denies that it was notified of any dispute made on or about February 4, 2021 and denies it was under any obligation to contact Plaintiff. Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 45 of the Complaint relating to the other Defendants.

46.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 46 of the Complaint.

## COUNT I – Fortiva, Truist, and MRS

### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681s-2(b))

47.     Truist re-alleges and reincorporates its responses to Paragraphs 1 through 46 as if restated fully herein.

48.     Truist denies that it was notified of any dispute made on or about February 4, 2021 and denies the allegations in Paragraph 48 regarding Truist's conduct. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 48 of the Complaint.

49.     Truist denies that it was notified of any dispute made on or about February 4, 2021 and denies the allegations in Paragraph 49.

50.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 50 of the Complaint.

51.     Truist denies the allegations in Paragraph 51 regarding Truist's conduct. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 51 of the Complaint relating to the other Defendants.

52.     Truist denies the allegations in Paragraph 52 regarding Truist's conduct. Truist specifically denies that Plaintiff has been harmed or damaged by an action or inaction on Truist's part. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 52 of the Complaint relating to the other Defendants.

53.     Truist denies the allegations in Paragraph 53 regarding Truist's conduct. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 53 of the Complaint relating to the other Defendants.

54.     Truist denies the allegations in Paragraph 54 regarding Truist's conduct. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 54 of the Complaint relating to the other Defendants.

55.     Truist denies the allegations in Paragraph 55 regarding Truist's conduct. Truist lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 55 of the Complaint relating to the other Defendants.

## COUNT II – Experian

### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681e(b))

56.     Truist re-alleges and reincorporates its responses to Paragraphs 1 through 55 as if restated fully herein.

57.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 57 of the Complaint.

58.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 58 of the Complaint.

59.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 59 of the Complaint.

60.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 60 of the Complaint.

61.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 61 of the Complaint.

62.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 62 of the Complaint.

## **COUNT III – Experian**

### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681i)

63.     Truist re-alleges and reincorporates its responses to Paragraphs 1 through 62 as if restated fully herein.

64.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 64 of the Complaint.

65.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 65 of the Complaint.

66.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 66 of the Complaint.

67.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 67 of the Complaint.

68.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 68 of the Complaint.

69.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 69 of the Complaint.

## COUNT IV – MRS

### (Fair Debt Collection Practices Act Violation - 15 U.S.C. § 1692e)

70.     Truist re-alleges and reincorporates its responses to Paragraphs 1 through 69 as if restated fully herein.

71.     Paragraph 71 contains a legal conclusion, and therefore does not require a response.

72.     Paragraph 72 contains a legal conclusion, and therefore does not require a response.

73.     Paragraph 73 contains a legal conclusion, and therefore does not require a response.

74.     Paragraph 74 contains a legal conclusion, and therefore does not require a response.

75.     Paragraph 75 contains a legal conclusion, and therefore does not require a response.

76.     Paragraph 76 contains a legal conclusion, and therefore does not require a response.

77.     Paragraph 77 contains a legal conclusion, and therefore does not require a response.

78.     Paragraph 72 contains a legal conclusion, and therefore does not require a response. Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 78 of the Complaint.

79.     Paragraph 79 contains a legal conclusion, and therefore does not require a response.

80.     Paragraph 80 contains a legal conclusion, and therefore does not require a response.

81.     Truist lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 81 of the Complaint.

In response to the Prayer for Relief, Truist denies that Plaintiff is entitled to any of the relief requested and respectfully requests that all claims asserted by Plaintiff against Truist be dismissed with prejudice, or alternatively, that judgment be entered in favor of Truist on all claims asserted by Plaintiff.

* * *

Truist denies any allegation in the Complaint not expressly admitted above.

* * *

## COUNTERCLAIM

1.     Truist hereby brings this Counterclaim against Plaintiff to collect the remaining balance owed pursuant to a retail installment sales contract that Plaintiff

executed in connection with obtaining a loan to purchase a vehicle. Plaintiff defaulted by failing to make the required payments, and continues to owe Truist the balance under the installment contract.

2.      On information and belief, the retail loan that is the subject of this Counterclaim (account number ending in 2056) is the unspecified "account" that forms the basis of Plaintiff's FCRA claim against Truist.

3.      This Court has jurisdiction over Truist's Counterclaim pursuant to 28 U.S.C. § 1367.

4.      On or about July 27, 2017, Plaintiff executed a credit application in connection with the purchase of a 2017 Nissan Rogue from Conyers Nissan (the "Credit Application"). A true and correct copy of the credit application is attached hereto as Exhibit 1, and is hereby incorporated into the Counterclaim as if fully set forth herein.

5.      Plaintiff's Credit Application was approved the same day. Plaintiff entered into a Retail Installment Sales Contract in order to obtain a loan to purchase a 2017 Nissan Rogue. A true and correct copy of the Retail Installment Sales Contract ("Installment Contract") is attached hereto as Exhibit 2, and is hereby incorporated into the Counterclaim as if fully set forth herein. Pursuant to the terms of the Installment Contract, Plaintiff borrowed from SunTrust Bank, Truist's

predecessor in interest, the principal amount of $35,119.50 at an interest rate of 8.9 percent per year, with a 63-month term (the "Loan"). The Loan was secured by the 2017 Nissan Rogue. Per the terms of the Installment Contract, Plaintiff was required to make monthly payments of $702.42, beginning on September 9, 2017.

6.     If Plaintiff failed to make a payment within ten days of its due date, Plaintiff would be assessed a late charge of the lesser of $50.00, or five percent of the late payment amount. Exhibit 2 at p. 1, ¶ 3.a.

7.     If Plaintiff failed to "pay any payment on time," Plaintiff would default on the Loan, and become liable for "the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because [Plaintiff] defaulted." Exhibit 2 at ¶ 3.b.

8.     Upon default, the Installment Contract provided that Plaintiff would be liable for collection costs of "15% of the amount you owe as attorney's fees." Exhibit 2 at ¶ 3.c.

9.     The Installment Contract also authorized Truist to repossess the financed vehicle, and to sell it if Plaintiff failed to pay the amount required to redeem the vehicle. Exhibit 2 at ¶¶ 3.d-e.

10.     The Installment Contract provided that the money earned through the sale would be applied to the amounts outstanding on the Loan, less "allowed

expenses," which Truist paid "as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it," including attorneys' fees and court costs. Moreover, if the funds from the sale were insufficient to pay the remaining balance of the Loan, Plaintiff would be liable for the remaining amount, including interest "not exceeding the highest lawful rate." Exhibit 2 at ¶ 3.f.

11.     Plaintiff made the required monthly payments on the Loan beginning September 9, 2017, until approximately February 21, 2018. On or about that date, Plaintiff ceased making the loan payments, defaulting under the Installment Contract.

12.     Truist notified Plaintiff by letter dated June 13, 2018 that Plaintiff's failure to make the required payments under the Installment Contract had caused the account to enter into default (the "Default Letter"). Plaintiff was advised that he had the right to cure the default and reinstate the Loan prior to June 29, 2018. Plaintiff was also advised that if he failed to cure the default by that time, Truist would pursue all rights available to it under law, including the right to repossess and sell the vehicle. A true and correct copy of the Default Letter is attached hereto as Exhibit 3.

13.     Plaintiff failed to bring the Loan current, and consequently the account was referred for repossession of the 2017 Nissan Rogue that served as collateral.

14.     On or about August 28, 2018, the 2017 Nissan Rogue that had secured the Loan was repossessed. At the time the vehicle was repossessed, it was titled to Plaintiff. A true and accurate copy of the vehicle's title application is attached hereto as Exhibit 4.

15.     On October 2, 2018, the vehicle sold at auction for $18,300.00, resulting in a deficiency of $17,400.63 (the "Deficiency"). This amount includes the remaining principal, late fees, and other fees Truist was authorized to collect under the Credit Application and the Installment Contract.

## COUNT I – BREACH OF THE INSTALLMENT CONTRACT

16.     Truist realleges and reincorporates Paragraphs 1 through 15 of the Counterclaim as if fully set forth herein.

17.     Truist has fully complied with its obligations under the Installment Contract, and all conditions to its recovery have been met or waived.

18.     Plaintiff failed to make the monthly payments he agreed to pay on the Installment Contract, thereby breaching the Installment Contract and causing it to enter default.

19.     As a result of Plaintiff's breach of the Installment Contract, Truist was forced to incur certain costs and fees, including costs and fees associated with the repossession and sale of the vehicle, as well as efforts to collect the balance of the

Loan and the interest, fees, and costs Truist is entitled to recover under the Installment Contract.

20.    Plaintiff's default under the Installment Contract has resulted in a Deficiency in the amount of $17,400.63.

21.    Plaintiff has not paid, but continues to owe Truist the Deficiency under the terms of the Credit Application and the Installment Contract.

## COUNT II – ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-1-11

22.    Truist realleges and reincorporates Paragraphs 1 through 21 of the Counterclaim as if fully set forth herein.

23.    The Installment Contract provides that Truist may collect up to 15 percent of the amount Plaintiff owes on the Loan in attorneys' fees incurred in efforts to collect the balance owed on the Loan.

24.    Truist hereby notifies Plaintiff that pursuant to O.C.G.A. § 13-1-11, Plaintiff will be liable for the attorneys' fees authorized by the Installment Contract unless Plaintiff pays the Deficiency of $17,400.63 within ten (10) days of service of the Counterclaim.

WHEREFORE, Truist respectfully requests that the Court:

(a)    Dismiss all claims against Truist with prejudice;

(b)    Enter judgment on all claims in Truist's favor;

(c)     Enter judgment on Truist's Counterclaim in Truist's favor and award Truist the $17,400.63 Deficiency;

(d)     Award Truist its attorneys' fees in an amount equal to 15 percent of the principal and interest Plaintiff owes Truist, pursuant to O.C.G.A. § 13-1-11;

(e)     Grant Truist its costs; and

(f)     Grant Truist any such other relief as it deems just and proper.

Respectfully submitted this 1st day of November, 2021.


**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Nancy H. Baughan*
Nancy H. Baughan
Georgia Bar No. 042575
Kathleen B. Hicks
Georgia Bar No. 587883
303 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30308
nhb@phrd.com
khicks@phrd.com
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
*Counsel for Defendant Truist Bank*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHARLES WEBSTER,                          )
                                          )
    Plaintiff,           )
                                          )
v.                                        )
                                          )      CIVIL ACTION NO.
FORTIVA FINANCIAL, LLC,                   )      1:21-CV-03466-AT-JCF
TRUIST BANK f/k/a SUNTRUST                )
BANK, MOUNTAIN RUN                        )
SOLUTIONS, and EXPERIAN                   )
INFORMATION SOLUTIONS, INC.,              )
                                          )
    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a copy of the foregoing

**DEFENDANT TRUIST BANK'S ANSWER, AFFIRMATIVE DEFENSES,**

**AND COUNTERCLAIM** with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the attorneys of record in

this action.

This 1st day of November, 2021.

                                            */s/ Nancy H. Baughan*
                                            Nancy H. Baughan